IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------X
LAKEWOOD GROUP LLC              :
                                :
               Plaintiff,       :   Docket No. 08-cv-03550 AKH
                                :
v.                              :
                                :
INNOFONE.COM, INCORPORATED AND  :
ALEX LIGHTMAN                   :
                                :
               Defendants.      :
                                :
-------------------------------X
```

### AFFIDAVIT OF MICHAEL L. BURAK, ESQ. REGARDING SERVICE OF DEFENDANT ALEX LIGHTMAN

I, Michael L. Burak, Esq., being duly sworn, states as follows:

1. I am a member at the firm of Burak Anderson & Melloni, PLC in Burlington, Vermont, which represents Plaintiff Lakewood Group LLC. I submit this Affidavit to establish that service of process on Defendant Alex Lightman was completed on July 15, 2008.

2. On or about April 19, 2008, this firm engaged ABC Legal Services in Los Angeles, California to serve Defendant Alex Lightman at his last-known residence located at 1431 Ocean Avenue, Suite 419, or alternatively Suite 1500, in Santa Monica, California pursuant to Fed. R. Civ. P. Rule 4(e)(2) and N.Y. C.P.L.R. § 308(4).

3. By July 10, 2008, service of the Summons and Complaint in this matter still had not been effectuated on Defendant Lightman under Fed. R. Civ. P. 4(e)(2). ABC Legal Services has diligently attempted to effectuate service on Defendant Lightman at his residence at least seventeen times over the course of over two months. *See* ABC Legal Services' Affidavit of

Service for serving Defendant Lightman at Suite 419 (home) and Suite 1500 (office) are attached as Exhibit 1.

4. On July 10, 2008, I instructed ABC Legal Services to proceed with so-called "nail and mail" service of the Summons and Complaint by affixing the documents to Defendant Lightman's door and by mailing him a copy pursuant to Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(4). Service by this method was accomplished on July 15, 2008. True and accurate copies of the Affidavits of Service by the process server are submitted herewith as Exhibit 1.

5. On July 11, 2008, my office also e-mailed a scanned copy of the Summons and Complaint to Defendant Lightman at his last known electronic mail address of alex@innofone.com, as shown by Exhibit 2 attached hereto.

6. In that e-mail transmission of the Summons and Complaint to Defendant Lightman we also attached a letter notifying him of the hearing at the United States District Court for the Southern District of New York, at 500 Pearl Street, New York, NY 10007 in Courtroom 14D on July 18, 2008. We also sent the Notice of Court Conference and Schedule Change to Defendant Lightman via Federal Express overnight and facsimile.

*[Signature page to follow]*

FURTHER AFFIANT SAYETH NOT:

Dated: July 16, 2008
      Burlington, Vermont

                                          Michael L. Burak, Esq.

STATE OF VERMONT
COUNTY OF CHITTENDEN, SS.

      On the 16th day of July, 2008, personally appeared Michael L. Burak, attorney for Plaintiff Lakewood Group LLC, signer of the foregoing instrument, and made the oath that the foregoing information contained herein is true to the best of his personal knowledge, information and belief.

                          Before me,                           
                                                      Notary Public
                                                      My Commission Expires: 02/10/11

EXHIBIT 1

IN THE
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LAKEWOOD GROUP LLC** <br><br> Plaintiff/Petitioner <br><br> vs. <br> **INNOFONE.COM** <br><br> Defendant/Respondent | Hearing Date: <br><br> CAUSE NO: <br> **08CV3550** <br><br><br> AFFIDAVIT OF SERVICE OF: <br> SUMMONS IN A CIVIL CASE; COMPLAINT; RETURN OF SERVICE |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **15th day of July, 2008, at 11:59 AM**, this affiant duly posted the above listed documents, by then and there personally affixing **1** true and correct copy(ies) thereof, in a conspicuous place on the property known as: **1431 OCEAN Avenue STE. 419, SANTA MONICA**, within the County of **Los Angeles**, State of **California 90401**. First class mailing was completed on **July 15th, 2008** by depositing a true copy of summons and verified complaint in a U.S.P.O. Mailbox in an envelope marked personal and confidential. Affiant was unable, with due diligence to find defendant or a person of suitable age and discretion, thereat, having called there:

DATED this **15th day of July, 2008**.

_____
**Miguel Molina, Reg. # 5414, Los Angeles, CA**

SUBSCRIBED AND SWORN to before me this 15th day of July, 2008

_____
NOTARY PUBLIC in and for the State of **California**
Residing at: Los Angeles
My Commission Expires: 12/13/2010

JACOB SHAPIRO
Commission # 1712311
Notary Public - California
Los Angeles County
My Comm. Expires Dec 23, 2010

FOR: **BURAK ANDERSON & MELLONI PLC**

ORIGINAL AFFIDAVIT OF SERVICE

Tracking #: 5296591 LAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State, Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| BURAK ANDERSON & MELLONI PLC<br>30 MAIN STREET<br>GATEWAY SQUARE<br>BURLINGTON, VT 05402 | BURAK ANDERSON & MELLONI PLC<br>30 MAIN STREET BURLINGTON VT<br>802-862-0500 | |
| TELEPHONE NO.: 802-862-0500    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): LAKEWOOD GROUP LLC | | |
| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK | | |
| STREET ADDRESS: | | |
| MAILING ADDRESS: | | |
| CITY AND ZIP CODE: | | |
| BRANCH NAME: | | |

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: LAKEWOOD GROUP LLC | 08CV3550 |
| DEFENDANT/RESPONDENT: INNOFONE.COM | |

| DECLARATION OF DUE DILIGENCE | Ref. No. or file No.: |
|---|---|

1. I declare that I am and was on the dates herein mentioned, over the age of 18 years and not a party to this action.

2. I received the following documents for service:
   **SUMMONS IN A CIVIL CASE; COMPLAINT; RETURN OF SERVICE**

3. After due and diligent attempts at the following address, I have been unable to effect personal service on:
   ALEX LIGHTMAN C/O INNOFONE.COM INCORPORATED
   1431 OCEAN AVE
   SUITE 419
   SANTA MONICA CA 90401

4. List of service attempts:
   04/23/2008 11:20: Location is an apartment complex. No answer at the door. Leasing office suggested I try unit 1600.
   04/25/2008 20:41: No Access to subject's door
   04/27/2008 07:01: No Answer at the door, dark inside, quiet inside, no activity inside neighbor does not speak with unit 1500
   04/30/2008 20:16: No Answer at the door
   05/03/2008 07:53: No Answer at the door
   05/06/2008 09:35: No Answer at the door
   05/08/2008 17:51: FED-EX package at the door from Burak Anderson & Melloni.
   05/11/2008 07:46: No answer at the door. FED-EX package still at the door.
   05/13/2008 20:12: No answer at the door.
   05/19/2008 20:53: No answer at the door. Unit 1503 has never seen anyone come out of unit 1500.
   05/22/2008 07:01: No Answer at the door
   05/26/2008 19:47: No Answer at the door
   05/31/2008 18:50: No Access, no answer at the intercom.
   06/04/2008 15:00: Spoke to the building management who stated that subject lives in suite 419 and rents suites 1500 and 1600, which are vacant.
   06/04/2008 15:00: Per Jane Doe at unit 500 (refused her name), subject is unknown. She has been a tenant for three months. There was no answer at suite 1100.
   06/21/2008 21:05: No Answer at the intercom.
   06/24/2008 12:00: No Answer at the door.
   07/01/2008 11:13: No Answer, neighbors no answer.
   07/05/2008 17:11: No Answer, no activity inside
   07/08/2008 22:00: No Answer at the intercom

| PLAINTIFF/PETITIONER: **LAKEWOOD GROUP LLC** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDANT: **INNOFONE.COM** | **08CV3550** |

5. Person who served papers
   a. Name: **M. Molina**
   b. Address: **261 S. Figueroa St. Suite 280 Los Angeles, CA 90012**
   c. Telephone number: **213-621-9999**
   d. Registration No.: **5414**
   e. County: **Los Angeles**

6. The fee for service was: **$ 255.00**

7. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **Jul 15 2008**

_____M. Molina_____   _____[signature]_____
(PRINTED NAME OF DECLARANT)   (SIGNATURE OF DECLARANT)

**DECLARATION OF DUE DILIGENCE**   Order No. 5296591 LAX



IN THE
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LAKEWOOD GROUP LLC** | Hearing Date: |
| Plaintiff/Petitioner | CAUSE NO: **08CV3550** |
| VS. **INNOFONE.COM** | |
| Defendant/Respondent | AFFIDAVIT OF SERVICE OF: **SUMMONS IN A CIVIL CASE; COMPLAINT; RETURN OF SERVICE** |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **15th day of July, 2008, at 12:02 PM**, this affiant duly posted the above listed documents, by then and there personally affixing **1** true and correct copy(ies) thereof, in a conspicuous place on the property known as: **1431 OCEAN Avenue SUITE 1500, SANTA MONICA**, within the County of **Los Angeles**, State of **California 90401**. First class mailing was completed on **July 15th, 2008** by depositing a true copy of summons and verified complaint in a U.S.P.O. Mailbox in an envelope marked personal and confidential. Affiant was unable, with due diligence to find defendant or a person of suitable age and discretion, thereat, having called there:

DATED this **15th day of July, 2008**.

Miguel Molina, Reg. # 5414, Los Angeles, CA

SUBSCRIBED AND SWORN to before me this 15th day of July, 2008

NOTARY PUBLIC in and for the State of **California**
Residing at: Los Angeles
My Commission Expires: 12/23/2010

JACOB SHAPIRO
Commission # 1712311
Notary Public - California
Los Angeles County
My Comm. Expires Dec 23, 2010

FOR: **BURAK ANDERSON & MELLONI PLC**

ORIGINAL AFFIDAVIT OF SERVICE

Tracking #: 5296591 LAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State, Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| BURAK ANDERSON & MELLONI PLC<br>30 MAIN STREET<br>GATEWAY SQUARE<br>BURLINGTON, VT 05402 | BURAK ANDERSON & MELLONI PLC<br>30 MAIN STREET BURLINGTON VT<br>802-862-0500 | |
| TELEPHONE NO.: 802-862-0500 | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): LAKEWOOD GROUP LLC | | |
| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK | | |
| STREET ADDRESS: | | |
| MAILING ADDRESS: | | |
| CITY AND ZIP CODE: | | |
| BRANCH NAME: | | |

| PLAINTIFF/PETITIONER: LAKEWOOD GROUP LLC | CASE NUMBER:<br>08CV3550 |
|---|---|
| DEFENDANT/RESPONDENT: INNOFONE.COM | |
| **DECLARATION OF DUE DILIGENCE** | Ref. No. or file No.: |

1. I declare that I am and was on the dates herein mentioned, over the age of 18 years and not a party to this action.

2. I received the following documents for service:
   **SUMMONS IN A CIVIL CASE; COMPLAINT; RETURN OF SERVICE**

3. After due and diligent attempts at the following address, I have been unable to effect personal service on:
   **ALEX LIGHTMAN C/O INNOFONE.COM INCORPORATED**
   **1431 OCEAN AVE**
   **SUITE 1500**
   **SANTA MONICA CA 90401**

4. List of service attempts:
   04/23/2008 11:20: Location is an apartment complex. No answer at the door. Leasing office suggested I try unit 1600.
   04/25/2008 20:41: No Access to subject's door
   04/27/2008 07:01: No Answer at the door, dark inside, quiet inside, no activity inside neighbor does not speak with unit 1500
   04/30/2008 20:16: No Answer at the door
   05/03/2008 07:53: No Answer at the door
   05/06/2008 09:35: No Answer at the door
   05/08/2008 17:51: FED-EX package at the door from Burak Anderson & Melloni.
   05/11/2008 07:46: No answer at the door. FED-EX package still at the door.
   05/13/2008 20:12: No answer at the door.
   05/19/2008 20:53: No answer at the door. Unit 1503 has never seen anyone come out of unit 1500.
   05/22/2008 07:01: No Answer at the door
   05/26/2008 19:47: No Answer at the door
   05/31/2008 18:50: No Access, no answer at the intercom.
   06/04/2008 15:00: Spoke to the building management who stated that subject lives in suite 419 and rents suites 1500 and 1600, which are vacant.
   06/04/2008 15:00: Per Jane Doe at unit 500 (refused her name), subject is unknown. She has been a tenant for three months. There was no answer at suite 1100.
   06/21/2008 21:05: No Answer at the intercom.
   06/24/2008 12:00: No Answer at the door.
   07/01/2008 11:13: No Answer, neighbors no answer.
   07/05/2008 17:11: No Answer, no activity inside
   07/08/2008 22:00: No Answer at the intercom

| PLAINTIFF/PETITIONER: **LAKEWOOD GROUP LLC** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDANT: **INNOFONE.COM** | **08CV3550** |

5.  Person who served papers
    a.  Name: **M. Molina**
    b.  Address: **261 S. Figueroa St. Suite 280 Los Angeles, CA 90012**
    c.  Telephone number: **213-621-9999**
    d.  Registration No.: **5414**
    e.  County: **Los Angeles**

6.  The fee for service was: **$ 255.00**

7.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **Jul 15 2008**

M. Molina
(PRINTED NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

**DECLARATION OF DUE DILIGENCE**                Order No. 5296591 LAX

## David Rugh

| | |
|---|---|
| From: | David Rugh [DRugh@vtlaw1.com] |
| Sent: | Friday, July 11, 2008 10:37 AM |
| To: | 'alex@innofone.com' |
| Subject: | Notice of Hearing, Summons & Complaint |

Dear Mr. Lightman,

Please find attached a Notice of Court Conference, Summons, and Complaint in Lakewood Group, LLC v. Innofone.com, Inc. & Alex Lightman, Docket No. 08CV3550 in the United States District Court for the Southern District of New York. We have attempted to serve the Summons and Complaint on your last-known residence of 1431 Ocean Ave., Suite 419 and 1500, Santa Monica, California at least seventeen times over the last two months. Because you have not accepted service, we are transmitting copies of the Notice of Hearing, Summons and Complaint to you by electronic mail, in addition to the other methods of service authorized by New York C.P.L.R. § 308.

The attached Notice of Court Conference alerts you to an in-person conference in Courtroom 14D at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007 on July 18, 2008. The conference was originally scheduled for 9:30 a.m.; however to accommodate counsel's travel schedule, the conference was re-scheduled for 10:30 a.m. on July 18, 2008, at the same location. Please make note of the change in time, and we expect to see you or your representative at the conference.

Sincerely,
David

 

Notice of Court  Summons and
Conference.pdf. ﾊmplaint - alex.p

David W. Rugh
BURAK ANDERSON & MELLONI, PLC
30 Main Street, P.O. Box 787
Burlington Vermont 05402-0787
Phone: 802-862-0500
Fax: 802-862-8176
E-mail: DRugh@vtlaw1.com
www.vtlaw1.com

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies or records of the original message. Thank you. Pursuant to U.S. Treasury regulations, if this message contains any information that may be considered advice concerning federal tax issues, please be advised that it is not a formal legal opinion and may not be used by any person for the avoidance of Federal tax penalties.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Lakewood Group LLC

Plaintiff(s),

-against-

Innofone.com, Incorporated
and Alex Lightman

Defendant(s).

------------------------------------------------------------X

RECEIVED
JUN 1 6 2008
Burak, Anderson & Melloni

08 Civ. 3550 (AKH)

**NOTICE OF COURT CONFERENCE**

To: The Attorney(s) for Plaintiff(s) and Defendant(s):

The Honorable Alvin K. Hellerstein, U.S.D.J. has ordered that counsel for all parties and any pro se parties attend a conference, at the time and place fixed below, for the purpose of Case Management and scheduling pursuant to Rule 16 of the Federal Rules of Civil Procedure. Counsel or pro se plaintiff receiving this notice is directed to furnish all attorneys and any pro se parties in this action, as and when they appear, with copies of this order and enclosures, and to retain due proof thereof. If you are unaware of the identity of counsel for any of the parties, you must forthwith send a copy of this notice and enclosures to that party personally, informing the party that any unrepresented party is required to appear at the conference in person. Counsel attending the conference should be the attorneys who will try the action, or who have full authority to resolve all issues to be decided, to enter into stipulations and who are authorized to discuss settlement.

DATE, PLACE AND TIME OF CONFERENCE: July 18, 2008 at the United States Courthouse, 500 Pearl Street, New York, New York, 10007, in Courtroom 14D at 9:30 a.m./p.m.

In the absence of an unforeseeable emergency, applications for adjournment must be submitted no later than one week prior to the conference date.

Counsel are required to meet and confer about case management prior to the scheduled conference date. No later than one week prior to the conference, the parties shall furnish the Court with a written report of their agreements regarding the planning of discovery pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Enclosed is a form for a Case Management Plan that the parties may utilize in making this report. Counsel must still attend the scheduled conference even if they have come to agreement upon all the terms of the Case Management Plan. The Case Management Plan shall provide that the case be ready for trial within the shortest practicable time. As agreed upon by counsel, discovery may, and preferably should, commence prior to the conference before the Court. Counsel shall also inform the Court as to whether they consent to having the action tried before the Magistrate Judge assigned to the action (without identifying which parties have or have not so consented).

In addition to the matters detailed in the Case Management Plan, counsel should also be prepared to address at the conference: the factual and legal bases for their claims or defenses, identification and quantification of all alleged damages, any issue as to subject matter jurisdiction, the factors relevant to the potential for settlement and when such discussions should take place, and any other issue relevant to case management.

If this case has been designated an electronic case, by the date of the initial pretrial conference, counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing. In accordance with Individual Chambers Rules, courtesy copies of all motions and supporting memoranda, affidavits, and exhibits must be sent to chambers by mail.

Dated:   New York, New York

_____June 13_____, 2008

*Brigitte Jones*
Brigitte Jones
Courtroom Deputy

It is Ordered that counsel to whom this Order is sent is responsible for faxing a copy to all counsel and retaining verification of such in the case file. Do not fax such verification to Chambers.

Please include telephone numbers and fax numbers on all documents submitted to the Court.

Please forward a courtesy copy of the complaint to:

Alvin K. Hellerstein
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

(Revised 1/24/07)

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

Lakewood Group LLC
        Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

Innofone.com, Incorporated, and Alex Lightman
Defendants.

**08 CV 3550**

Judge Hellerstein

TO: (Name and address of defendant)

Alex Lightman
c/o Innofone.com, Incorporated
1431 Ocean Ave, Suite 1500
Santa Monica, CA 90401

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael L. Burak
Burak Anderson & Melloni, PLC
30 Main Street, Suite 210
P.O. Box 787
Burlington, VT 05402-0787

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

DATE  APR 1 4 2008

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant. Place where served: _____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____
_____
_____

☐  Other (specify): _____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____            _____
                    Date                                                    Signature of Server

                                                                          _____
                                                                          Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**08 CV 3550**

Judge Hellerstein

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

LAKEWOOD GROUP LLC

        Plaintiff,

v.

INNOFONE.COM, INCORPORATED AND
ALEX LIGHTMAN

        Defendants.

------------------------------------X

Docket No.



APR 14 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

For its Complaint herein, Plaintiff, Lakewood Group LLC ("Lakewood"), through its attorneys, Burak Anderson & Melloni, PLC, alleges as follows:

### INTRODUCTION

1. Lakewood, a Delaware limited liability company, brings this action for breach of contract and breach of personal guarantee against Innofone.com, Incorporated, a Nevada corporation ("Innofone" or "Company") and Alex Lightman ("Lightman") (collectively "Lightman" and "Innofone" are referred to as "Defendants"), arising out of Innofone's failure to pay Lakewood amounts due and owing under a Subscription Agreement, a Promissory Note ("Note") and Personal Guarantee ("Guarantee"). As of the date of filing, Defendants have failed to make required payments under the Note, which amounts are now due and owing.

## THE PARTIES

2. Lakewood is a Delaware limited liability company with its principal place of business in New York, New York.

3. Upon information and belief, Innofone is a Nevada corporation with its principal place of business in Santa Monica, California.

4. Upon information and belief, Lightman is a citizen of the State of California.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §1332.

6. Venue is proper under 28 U.S.C. §1391 (a) and (c).

7. The Subscription Agreement, Note and Guarantee provide that the parties voluntarily submit to the jurisdiction of the state and federal courts in the State of New York, and agree to be governed by New York law.

## FACTUAL ALLEGATIONS

8. On January 16, 2007, Defendants and Lakewood entered into a Subscription Agreement whereby Innofone issued to Lakewood a promissory note in the amount of One Million Dollars ($1,000,000), due on September 16, 2007, in exchange for the payment of the purchase price thereof by Lakewood. The outstanding principal amount of the Note was not paid on the due date therefor and remain unpaid as of the date hereof.

9. On or about July 11, 2007, Lakewood filed an action (the "2007 Action") against Innofone for failure to make payments due to Lakewood prior to such date. In settlement of the 2007 Action, Innofone issued to Lakewood one million shares of Innofone's common stock, in exchange for Lakewood's agreement to (i) reduce the amount then owed to Lakewood by $100,000 and (ii) refrain from declaring a default and accelerating the Note for 45 days

following July 12, 2007 (the "Partial Settlement"). Payments under the Partial Settlement were applied to interest owing and to be owed under the Note and outstanding principal amounts.

10. Pursuant to the Note, Innofone was required to pay to Lakewood, beginning on June 16, 2007 and the same day of each succeeding month thereafter, an amount equal to 25% of the Principal Amount of the Note (each a "Principal Installment Payment"). No Principal Installment Payment has been made.

11. The failure to make Principal Installment Payment(s) when due constitute an Event of Default under the Note. Upon an Event of Default thereunder, Innofone is obligated to pay to Lakewood the principal amount of the Note plus interest thereon in the amount of 15% from the date of such Event of Default until the Note is paid in full.

12. Pursuant to the Note, Innofone was required to pay to Lakewood One Million Dollars ($1,000,000) on or before September 16, 2007.

13. As an additional inducement to cause Lakewood to purchase and pay for the Note, Lightman executed and delivered to Lakewood the Guarantee, dated January 16, 2007, guaranteeing the payment and performance of all obligations of Innofone under the Note, the Subscription Agreement and all other agreements between Lakewood and Innofone related to the Note and the Subscription Agreement, together with all reasonable attorney's fees, disbursements and all other costs and expenses incurred by Lakewood in enforcing its rights thereunder.

14. Innofone has breached its obligations under the Subscription Agreement and Note.

15. Lakewood has orally and in writing demanded payment from Innofone and Lightman, on multiple occasions, of amounts due and owing on the Note.

16. Defendants, as of the date hereof, owe Lakewood the sum of One Million Twenty-Three Thousand Three Hundred Thirty Nine Dollars and Twenty-Two Cents ($1,023,339.22), excluding interest and costs and expenses relating to the enforcement of the Note, the Subscription Agreement and the Guarantee.

## COUNT I
## ACTION FOR BREACH OF CONTRACT
(Lakewood v. All Defendants)

17. Lakewood repeats and realleges Paragraphs 1 through 16 of this Complaint.

18. The Subscription Agreement and the Note constitute valid and enforceable contracts.

19. The failure of Innofone to pay amounts due and owing to Lakewood under the Subscription Agreement and Note, and the failure to comply with the terms of the Subscription Agreement and Note, constitutes breaches of such instruments and agreements.

20. Lakewood has suffered damages as a result of these breaches in an amount of not less than One Million Twenty-Three Thousand Three Hundred Thirty Nine Dollars and Twenty-Two Cents ($1,023,339.22).

## COUNT II
## ACTION FOR BREACH OF PERSONAL GUARANTEE
(Lakewood v. Lightman)

21. Lakewood repeats and realleges Paragraphs 1 through 20 of this Complaint.

22. The Personal Guarantee constitutes a valid and enforceable contract.

23. Lightman's failure to pay amounts due and owing under the Guarantee, and his failure to comply with the terms of the Guarantee, constitutes a breach of the Guarantee.

24. Lakewood suffered damages as a result of these breaches in an amount of not less than One Million Twenty-Three Thousand Three Hundred Thirty Nine Dollars and Twenty-Two Cents ($1,023,339.22).

WHEREFORE, Lakewood demands that this Court enter Judgment against Defendants, jointly and severally, in favor of Lakewood, as follows:

A. Award Lakewood the amount of One Million Twenty-Three Thousand Three Hundred Thirty Nine Dollars and Twenty-Two Cents ($1,023,339.22), plus statutory and contractual interest thereon accruing from the date such payment was due;

B. Award Lakewood reasonable attorneys' fees and other expenses incurred in Lakewood's collection efforts, together with the costs of this action; and

C. Award Lakewood such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: April 7, 2008
       Burlington, Vermont

By: *[signature]*
Michael L. Burak – MB7797
BURAK ANDERSON & MELLONI, PLC
30 Main Street, Suite 210
P.O. Box 787
Burlington, Vermont 05402-0787
Ph. 802-862-0500

Attorneys for Lakewood Group LLC